L. R. BAIRD, Receiver of the Citizens State Bank of Maddock, a Corporation, Appellant, v. FOSS INVESTMENT COMPANY, a Corporation, Respondent.

(226 N. W. 523.)

Opinion filed July 26, 1929.

*Sinness & Duffy,* for appellant.

*H. L. Halvorson,* for respondent.

BIRDZELL, J. This is an action upon a guaranty. The defendant had judgment in the trial court and the plaintiff appeals. On March 16, 1918, Frederick Johnson executed and delivered to the Citizens State Bank of Maddock a promissory note in the sum of $558.75, which was due and payable on the 1st day of November, 1918, with interest at 10 per cent. The defendant, Foss Investment Company, executed a guaranty written upon the back of the note as follows:

"For value received I hereby guarantee the payment of the within note at maturity or at any time thereafter or any renewal of the same with interest at the rate of 10 per cent per annum until paid and hereby waive protest, demand and notice of demand and nonpayment and suit against the maker and consent that the time of the payment of this note may be extended from time to time without affecting my liability thereon. Dated this 16th day of March, 1918."

Both the bank and the defendant are domestic corporations. In the complaint it is alleged, and the evidence shows, that at various times after the making of the note in question Johnson made partial payments upon his indebtedness to the Citizens State Bank and executed various renewal notes. The payee bank failed and the note, with the guaranty in question upon it, came into the hands of the receiver who brought this action in November, 1926. The defendant relies upon the statute of limitations and pleads payment. The trial court made findings covering the renewals of the Johnson indebtedness at the Maddock bank, showing renewals down to a period within the statute of limitations; also, covering certain payments made by him, but the findings are that the proof of payment is indefinite and inconclusive. The defendant was not a party to any renewal note and never made any payment or part payment. There is no conclusion of law that the obligation or obligations covered by the guaranty have been satis-

fied by payment, but there is a conclusion that the statute of limitations has run and that the action is barred. The appellant questions the findings of the trial court in so far as they might effect a discharge of the defendant's obligation upon the guaranty by payment and further argues the question of law presented, contending that the statute of limitations has not run. In view of the fact that there may be some question whether the defendant has sustained the burden of proof upon the issue of payment, we shall first consider whether the action is barred by the statute of limitations. This may be conclusive as a matter of law.

Counsel for the appellant refers to the guaranty in question as a continuing guaranty, arguing that it is such a guaranty as is thus defined in § 6666, Compiled Laws of 1913. That section reads: "A guaranty relating to a future liability of the principal under successive transactions, which either continue his liability or from time to time renew it after it has been satisfied is called a continuing guaranty." It is said that the statute of limitations did not run in favor of the guarantor until it had likewise run in favor of the maker of the note; that since the maker had renewed the indebtedness from time to time and since the guaranty by its express provisions includes renewals, the defendant is still liable.

Whether the guaranty in question is a continuing guaranty within the statutory definition is a question that is not free from difficulty. It will be noted that the first requisite of a continuing guaranty under the statute is that it shall relate to a "future liability of the principal under successive transactions." Clearly, this guaranty does not relate to a future liability of the principal; it relates to a present liability evidenced by the note upon which the contract is indorsed. Nor does it contemplate successive transactions except that the guarantor guarantees any renewal with interest until paid. Such a renewal would not be a successive transaction continuing a future liability or one renewing it after it had been satisfied. A promise to guarantee the renewal of an existing note upon which the promisor is already liable as a guarantor contemplates no new or original liability. It deals merely with the method of continuing the existing obligation in force. It is not, in our opinion, such a guaranty as is defined in § 6666, Compiled Laws of 1913. The condition of the authorities deal-

ing with this question is such that little aid is to be derived from the adjudicated cases. (See comment by the annotator in 39 L.R.A.(N.S.) 724.)

However, one of the best considered cases which has come under our observation in this connection, and which merits special attention on account of the analogies it presents, is that of Mutual L. Ins. Co. v. United States Hotel Co., 82 Misc. 632, 144 N. Y. Supp. 476. In that case one Vanderbilt assigned to the plaintiff a bond and mortgage securing the same which called for the payment of $260,000. On the day of the assignment and as collateral security to the obligation assigned Gage and Perry, defendants, executed their bond to the plaintiff conditioned for the payment of $200,000 in two installments, one of $40,000 due September 1, 1879, and one of $160,000 due September 1, 1880. This bond contained the following clause:

"It is expressly understood and agreed by and between the parties hereto that this obligation shall be and remain in full force and effect, and in no wise be impaired, until the actual payment of said sum to said obligees. And in case of a sale or transfer of any property embraced in a mortgage collateral to this bond, and in case of any agreement or stipulation between the owner or owners of said mortgaged property and the said obligees, extending the time or modifying the terms of the payment above stated, then the above-mentioned obligors shall continue liable to pay the sum above secured according to the tenor of any such agreement, unless expressly released and discharged in writing by the above-named obligees."

The bond to which the above obligation was collateral was extended by the plaintiff and the principal in November, 1908, over twenty-eight years after the mortgages were due and payable and within four days of thirty years from the date of execution of the Gage and Perry collateral bond, the action being brought on the latter bond over thirty-four years from the date of its execution. It will be noted that the quoted stipulation states that it shall be in force and effect and be in no wise impaired until the actual payment of the sum to the obligees; also, that in case of any stipulation between the owners of the mortgaged property, who would be principals, and the obligees extending the time or modifying the terms of payment, the obligors should continue liable to pay the sum according to the tenor of any such agree-

ment; in other words, that the obligation of Gage and Perry to pay the sum should be according to the terms of any subsequent agreement for such payment, which would of course embrace a renewal. In speaking of the character of the guaranty, the court said (page 638 of 82 Misc.):

"The bond in question is not a 'continuing guaranty' in the sense that those words are ordinarily used with reference to obligations of suretyship. A 'continuing guaranty' contemplates a succession of liabilities, which, as they accrue, the guarantor becomes liable for. It is prospective in its operation and is generally intended to provide security in respect to future transactions within certain limits. The bond of Gage and Perry, however, had relation only to a debt that had been in existence for three years at the time it was given and the amount of which was certain. The language of this bond does not suggest the incurring of any new liability nor addition to the amount of the indebtedness existing at its date. Numerous authorities have been cited by counsel for the plaintiff in the attempt to maintain the position that this bond was a continuing guaranty in the ordinary sense of those words. I think, however, the obligations under consideration in those cases and the instant case are clearly distinguishable. The fundamental and radical difference between the cases cited by plaintiff's counsel and the case under consideration is that whereas in those cases there was to be a liability for advances to be made from time to time or indebtedness to be incurred at different times and liabilities which would change, while here there was particularized a single particular debt, and the nature of that debt was such that it must have been in contemplation of the parties that no other debt and no change in that debt, and no other transaction was to be covered by the obligation given. . . .

"Upon contracts for continuing guaranties, a right of action accrues with each freshly incurred liability, and new rights of action arise upon them from time to time. In the present case, the right of action could be single only. It accrued on the 1st day of September, 1880. The bond under which Gage and Perry became liable for that indebtedness and the mortgages for which that bond was collateral or surety did not contemplate any new or additional obligation, and no such new obligation is claimed to have been incurred."

The court held that the twenty-year statute of limitations had run against an action to enforce the liability of the defendants Gage and Perry upon the bond in question before the action was brought. It further held that the provision in the stipulation in question that the bond should remain in full force and effect until the actual payment of the sum to the obligees added nothing to what was imported in the covenant by which the obligors had become bound; also, that the provision whereby the obligors had agreed to be bound by any agreement of renewal or extension depended upon a possibility which might or might not have materialized—that this clause was a mere expression of the desire of parties to provide that whatever extension should be given was not to affect their obligation on the bond but that such extension, whatever it might be, was to be within the life of the bond and the liabilities of the obligors thereon. It was, therefore, held that the statute barred the action.

In the instant case, as in that of Mutual L. Ins. Co. v. United States Hotel Co., supra, a strictly literal interpretation of the guaranty would make it include any renewal of the obligation to which it directly relates or is attached. But, for reasons elaborated by the Supreme Court of New York, and which are partially quoted above, we are of the opinion that the contract is not a continuing guaranty within the statute nor within the principles according to which a fresh liability is fastened upon a guarantor in favor of one acting upon the guaranty at a time remote from the date of the guaranty. The promise to guarantee a renewal of the same obligation is meant to define the liability with respect to that obligation rather than to create an added or new liability in the future. The guarantor agrees to be held liable for the particular debt whether evidenced by the original note or by a renewal. Regardless of the number of times the debt is renewed, the cause of action is essentially single and is upon the original guaranty, and it must be brought within the period of limitation prescribed for such a cause.

The judgment appealed from is affirmed. It is so ordered.

Burke, Ch. J., and Christianson, Burr, and Nuessle, JJ., concur.